IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AILEEN ROBBINS BUCK**                                                  **PLAINTIFF**

**v.**                                                **Civil Action No. 3:13-cv-599-TSL-JCG**

**THE COMMISSIONER OF**
**SOCIAL SECURITY**                                              **DEFENDANT**

## REPORT AND RECOMMENDATIONS

Pursuant to 42 U.S.C. § 405(g), claimant Aileen Robbins Buck seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her application for disability benefits under Titles II and XVI of the Social Security Act. Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administrations, has filed a [10] Motion to Dismiss, or in the Alternative, for Summary Judgment, urging the Court to dismiss Plaintiff's Complaint because Plaintiff did not file her Complaint in federal court "within sixty after the mailing to [her] of notice of such decision . . . ," nor did the Plaintiff ask the Appeals Council for an extension of time to file suit. 42 U.S.C. § 405(g).

Plaintiff does not deny that her Complaint was filed one week late but maintains that her Complaint should not be dismissed because "Social Security Administration employees . . . provided erroneous information." (Pl.'s Resp. [13] at p. 2). The undersigned United States Magistrate Judge submits this Report and Recommendations to the District Judge and recommends that the Commissioner's [10] Motion to Dismiss or for Summary Judgment be granted.

STANDARD OF REVIEW

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the movant carries this burden, the burden shifts to the opposing party to show that summary judgment should not be granted. *Id.* at 324-25.

BACKGROUND AND DISCUSSION

On June 19, 2012, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits under Titles II and XVI of the Social Security Act. (Decl. of Patrick Herbst [10-1] at p. 4; Not. of Decision - Unfavorable [10-1] at pp. 6-16). Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, and on July 13, 2013, mailed its Notice of Appeals Council Action to Plaintiff. (Decl. of Patrick Herbst [10-1] at p. 4; Not. of Appeals Council Action [10-1] at pp. 17-19). The Notice of Appeals Council Action provided:

Time to File a Civil Action

- You have 60 days to file a civil action (ask for court review)

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You

> must make the request in writing and give your reason(s) in the request.

*Id.* at p. 18.

Allowing five days for presumptive receipt of the Appeals Council's Notice, 20 C.F.R. § 404.901, and thus counting 65 days from July 13, 2013, Plaintiff was required to either request an extension of time to file or commence her civil action no later than September 16, 2013. Plaintiff's Complaint, however, was filed on September 23, 2013.

Plaintiff does not dispute that her Complaint was filed a week late but argues that her case should not be dismissed because she was given erroneous information:

> The Plaintiff was in receipt of erroneous information from Social Security Administration employees which delayed the filing of her civil case.
>
> On September 3, 2013, and September 10, 2013, the Plaintiff appeared at the Social Security Office. Twice the Plaintiff was informed that she could not file a civil suit. Eventually, the office manager provided the wrong address to send the complaint to.
>
> The Plaintiff contends that, Social Security Administration employees, acting as agents for the Acting Commissioner of Social Security, provided erroneous information. This false information resulted in the untimely filing of Plaintiff's civil case.

Pl.'s Resp. [13] at pp. 1-2.

Plaintiff's explanation for not timely filing her Complaint is belied by the July 13, 2013, Notice of Appeals Council Action letter, which provided instructions to Plaintiff regarding how and where to file a civil action:

> **How to File a Civil Action**
>
> You may file a civil action (ask for court review) by filing a complaint in the

> United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.
>
> You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.
>
> You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. . . .
>
> You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington, D.C. 20530.

(Not. of Appeals Council Action [10-1] at p. 18.

Plaintiff was properly informed of her right to file a civil action well in advance of the deadline for filing a civil action. Plaintiff was told how and where to file the action. Plaintiff was informed that she could request an extension of time from the Appeals Council if she needed more than sixty days to file. Plaintiff did not request an extension from the Appeals Council. There are no extraordinary circumstances present here that would justify equitably tolling the sixty-day statute of limitation. *See Bowen v. City of New York,* 476 U.S. 467, 480-81 (1986).

## RECOMMENDATIONS

Because Plaintiff's Complaint was not timely filed, it is recommended that the Commissioner's [10] Motion to Dismiss, or, in the Alternative, for Summary Judgment be granted and that judgment be entered in favor of the Commissioner.

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 21st day of December, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE